IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE

Saidrick Pewitte, )
)
        Plaintiff, )
) Cv. No.    3:13-cv-0484
vs. )
) JUDGE CAMPBELL/BRYANT
Annette Haycraft, et al. )
)
)
        Defendant. )
)

To: The Honorable Todd Campbell

## REPORT AND RECOMMENDATION

This matter is on referral to the undersigned for, inter alia, pretrial management of the case, including recommendation for ruling on any dispositive motions (Docket Entry ("DE") 3). Defendant Annette Haycraft ("Defendant") has filed a motion for dismissal or, in the alternative, for summary judgment. (DE 25) For the reasons stated below, the undersigned Magistrate Judge recommends that defendant's motion to dismiss and for summary judgment be **DENIED**.

## Statement of the Case

Plaintiff, a prisoner proceeding *pro se* and *in forma pauperis*, filed the instant complaint on May 20, 2013, alleging that defendant Annette Haycraft ("Haycraft") violated his Eighth Amendment right to be free from cruel and inhuman punishment.[1] (DE 1) Plaintiff alleges that his injuries are the result of Haycraft's deliberate indifference in forcing Plaintiff to wear handcuffs that were too small for approximately 12 hours.[2] (DE 1)

---

[1] Plaintiff also asserts claims against a corrections officer Jones. However, the summons issued to Officer Jones was returned unexecuted on July 2, 2013. (DE 18)

[2] Ronnie J. McCoy, a prisoner from West Tennessee who accompanied Plaintiff to Bledsoe, claims that the handcuffs were fastened around Plaintiff's wrists at approximately 6:15 AM and that the prisoners arrived at Morgan County, which sits in the Eastern Time Zone, at 6 PM local time.

Plaintiff seeks damages under 42 U.S.C. § 1983 in an amount exceeding $50,000 as well as injunctive relief in the treatment of prisoners during transport from facility to facility. (DE 1) Haycraft moved the court for dismissal of Plaintiff's complaint or, in the alternative, summary judgment on July 2, 2013, asserting that Plaintiff has failed to exhaust his administrative remedies through the prison grievance system as the Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997(e)(a), requires him to do.

## Statement of the Facts

On May 1, 2013, Plaintiff was transferred from the West Tennessee State Prison in Henning, Tennessee, to the Bledsoe County Correctional Complex in Pikeville, Tennessee ("Bledsoe"). (Complaint, DE 1, p. 4.) Prior to embarking at 7:00 AM, Haycraft placed handcuffs on Plaintiff, an individual tipping the scales at 400 pounds and suffering from diabetes, for transport. (Complaint, DE 1, p. 4.) When Plaintiff complained, Haycraft replied that Plaintiff would be okay and neither loosened the handcuffs nor investigated Plaintiff's complaints. (Complaint, DE 1, pp. 4, 6.)

Upon arriving at the Charles Bass Correctional Complex in Nashville, Tennessee, nearly five hours later, Plaintiff complained to defendant Jones, who, despite his attempts, could not loosen the handcuffs due to the swelling in Plaintiff's wrists. (Complaint, DE 1, p. 5.) Plaintiff was forced to wear these handcuffs until he reached the Morgan County Correctional Complex ("Morgan County") at approximately 6:00 PM. (Complaint, DE 1, p. 7.)

Plaintiff requested medical attention both at Morgan County and at Bledsoe upon arrival there, and filed a grievance concerning the conduct of Haycraft and Jones on May 3, 2013, through the Bledsoe grievance process. (Complaint, DE 1, pp. 3, 7.) Plaintiff has received no response to his initial grievance. Haycraft submits that "[t]he prison grievance office has no

2

record of [any] grievance" concerning Haycraft's conduct; thus, she is entitled to dismissal of Plaintiff's claims or, in the alternative, summary judgment. (Affidavit of Sergeant April Hubbard, DE 32, p. 2 ¶ 9; Defendant's Motion to Dismiss, DE 14, p. 1.)

## Legal Analysis

1. **Dismissal**

Under Fed. R. Civ. P. 12(b)(6), dismissal is appropriate where, after accepting all of Plaintiff's allegations as true and resolving all doubts in Plaintiff's favor, it appears that Plaintiff's allegations fail to "plausibly state a claim for relief." *Glazer v. Chase Home Fin. LLC*, 704 F.3d 453, 457 (6th Cir. 2013).

The Eighth Amendment to the U.S. Constitution protects prison inmates from "unnecessary and wanton infliction of pain." *Baker v. Goodrich*, 649 F.3d 428, 434 (6th Cir. 2011) (quoting *Whitley v. Albers*, 475 U.S. 312, 319 (1986)). To state a claim against prison officials for conditions of confinement that violate the Eighth Amendment, a prison inmate must allege "that the official acted or failed to act despite his knowledge of a substantial risk of serious harm." *Id.* (quoting *Farmer v. Brennan*, 511 U.S. 825, 842 (1994)). A prison official's knowledge "of the risk may be demonstrated through circumstantial evidence and inference, and 'a factfinder may conclude that a prison official knew of a substantial risk from the very fact that the risk was obvious.'" *Baker*, 649 F.3d at 434 (quoting *Farmer*, 511 U.S. at 842.)

According to the complaint, Plaintiff informed Haycraft that he was diabetic, that the handcuffs were too small, and that the blood flow to Plaintiff's hands was being impacted. However, despite these complaints, Haycraft ignored or refused his repeated requests to loosen the handcuffs even though the consequences of prolonged exposure were readily apparent. Further, Plaintiff alleges that he availed himself of the prison's grievance process, but, just as with his complaints to Haycraft, prison officials have ignored him.

Accepting these facts as true, the Magistrate Judge finds that Plaintiff's complaint states a claim to relief under the Eighth Amendment to the U.S. Constitution.

2. **Summary Judgment:**

The PLRA provides that "a prisoner may not bring a federal action related to prison conditions 'until such administrative procedures as are available are exhausted.'" *Surles v. Andison*, 678 F.3d 452, 455 (6th Cir. 2012) (quoting 42 U.S.C. § 1997e(a)). However, a prisoner is deemed to have exhausted his administrative remedies where prison officials fail to respond to a grievance or actively thwart and/or frustrate the grievance process. *See Boyd v. Corr. Corp. of Am.*, 380 F.3d 989, 996 (6th Cir. 2004). Exhaustion need not be pleaded, but, rather, is an affirmative defense to suit. *Jones v. Bock*, 549 U.S. 199, 215-16 (2007).

Summary judgment is appropriate where there is no "genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." *Miller v. City of Calhoun County*, 408 F.3d 803, 812-13 (6th Cir. 2005) (quoting Fed. R. Civ. P. 56(c)). A "genuine issue of material fact" is one which, if proven, could adduce a reasonable jury to return a verdict for the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The burden for establishing the absence of a factual dispute rests with the moving party. *Id.* at 249-50.

In deciding whether summary judgment is appropriate, the court must look beyond the pleadings and assess the proof to determine whether there is a genuine need for a trial." *Sowards v. Loudon County*, 203 F.3d. 426 (6th Cir. 2000), *cert. denied*, 531 U.S. 875 (2000). In so doing, the district court must "draw all reasonable inferences in favor of the nonmoving party" in its analysis of the pleadings, affidavits, and other submissions. *Sadie v. City of Cleveland*, 718 F.3d 596, 599 (6th Cir. 2013) (citing *Matsushita Elec. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986)).

Normally, "[t]he moving party need not support its motion with evidence disproving the non-moving party's claim, but need only show that 'there is an absence of evidence to support the non-moving party's case.'" *Hayes v. Equitable Energy Res. Co.*, 266 F.3d 560, 566 (6th Cir. 2001) (quoting *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986)). However, as to exhaustion, the moving party bears both the burden of proof and of persuasion. *Surles*, 678 F.3d at 455. Thus, when exhaustion is raised as an affirmative defense as it is here, the moving party bears a heightened burden to submit evidence showing a lack of exhaustion that is "so powerful that no jury would be free to disbelieve it." *Id.* (quoting *Cockrel v. Shelby Cty. Sch. Dist.*, 270 F.3d 1036, 1056 (6th Cir. 2001). Haycraft has failed to meet this burden.

The basis of Haycraft's motion for summary judgment is the statement of Sergeant April Hubbard, the current sergeant over the Grievance Board, that "[t]he prison office has no record of" Plaintiff's grievance. (Affidavit of April Hubbard, DE 32, pp. 1-2 ¶ 2, 9.) In a light most favorable to Plaintiff, the weight of this statement pales in comparison to Plaintiff's own declaration and his "statement of disputed facts," which are supported by statements from the former "grievance clerk" at Bledsoe and four other inmates housed with Plaintiff. (DE 24, 25, 26, 30, 34-37)

George Haynie ("Haynie"), a prisoner and trained paralegal housed at Bledsoe, aided Plaintiff in drafting two different grievances. (Declaration of Saidrick Pewitte ("Plaintiff's Dec."), DE 25, p. 1 ¶ 6; Affidavit of George Haynie ("Hanie Aff."), DE 30-1, p. 2 ¶ 9.) The first, drafted on May 3, 2013, pertained to Plaintiff's injuries sustained during his transfer to Bledsoe. (Plaintiff's Dec., DE 25, p. 1 ¶ 6; Haynie Aff., DE 30-1, p. 2 ¶ 9.) Plaintiff laboriously copied the grievance onto a grievance form and deposited it in the grievance box, as required by Bledsoe's grievance process, during the evening of May 3, 2013. (Plaintiff's Dec., DE 25, p. 1 ¶

6; Haynie Aff., DE 30-1, p. 2 ¶¶ 10-12.) These claims are supported by the statements of three other inmates. (Affidavit of Ronnie McCoy, DE 37-1, p. 3 ¶¶ 15-16; Affidavit of Douglas Bamberg, DE 35-1, p. 2 ¶¶ 10-11; Affidavit of Darron Rogers, DE 36-1, p. 2 ¶¶ 10-11.)

On May 6, 2013, Haynie drafted the second grievance over the assessment of $5.00 against Plaintiff's account for the medical treatment necessitated by the wounds Plaintiff sustained during transport. (Plaintiff's Dec., DE 25, p. 2 ¶ 8; Haynie Aff., DE 30-1, p. 3 ¶ 14; Inmate Grievance, DE 23-1, p. 2.) As with his first grievance, Plaintiff laboriously copied the grievance drafted by Haynie onto a pre-printed grievance form and deposited it in the grievance box during the evening of May 6, 2013. (Plaintiff's Dec., DE 25, p. 2 ¶ 10; Haynie Aff., DE 30-1, p. 3 ¶ 14-16.) This grievance was rejected on May 9, 2013, by the Grievance Committee Chairperson, then Sergeant Fisher ("Fisher"), because it was inappropriate. (Plaintiff's Dec., DE 25, p. 2 ¶ 12; Haynie Aff., DE 30-1, p. 3-4 ¶¶ 18.) Plaintiff appealed the rejection. (Plaintiff's Dec., DE 25, p. 3 ¶ 13; Haynie Aff., DE 4, ¶¶ 19-20; Inmate Grievance, DE 23-1, p. 2.)

According to Robert Johnston, the former grievance clerk at Bledsoe, Plaintiff's grievances were received by prison officials and were referred to the Grievance Committee Chairperson, Fisher.[3] (Statement of Robert Johnston, DE 34, p. 1.) Subsequently, Fisher asked Johnston to procure an extension of time to respond to Plaintiff so that his grievance could be forwarded to West Tennessee for a "supervisor's response." (Statement of Robert Johnston, DE 34, p. 1.) Despite being received through the grievance process and Plaintiff's consent to a time extension, Fisher never entered Plaintiff's grievances into the prison's computerized grievance system.[4] (Statement of Robert Johnston, DE 34, p. 1.)

---

[3] A copy of Plaintiff's grievance over the $5.00 assessment to his account for medical services bears Johnston's signature, is dated May 6, 2013, and confirms that Plaintiff appealed the decision on May 9th. (DE 23-1)

[4] A grievance rejection form dated May 9, 2013 bears the electronic signature of Sgt. Edward Fisher as the grievance Committee Chairperson. (DE 24-1) Fisher is now Lieutenant Fisher and Sgt. April Hubbard is now

**Conclusion**

The Magistrate Judge finds that Plaintiff's complaint is sufficient to state a claim to relief under the Eighth Amendment to the U.S. Constitution. Further, the Magistrate Judge finds that Haycraft's proof of Plaintiff's failure to exhaust is not such that a "jury would be free to disbelieve it," *Surles*, 678 F.3d at 455-56, and that a genuine issue of material fact exists regarding Plaintiff's exhaustion of administrative remedies, rendering summary judgment inappropriate.

**Recommendation**

For the reasons stated above, the undersigned Magistrate Judge recommends that Defendant's motion for dismissal and, in the alternative, summary judgment be **DENIED**.

The parties have fourteen (14) days of being served with a copy of this R&R to serve and file written objections to the findings and recommendation proposed herein. A party shall respond to the objecting party's objections to this R&R within fourteen (14) days after being served with a copy thereof. Failure to file specific objections within fourteen (14) days of receipt of this R&R may constitute a waiver of further appeal. *Thomas v. Arn*, 474 U.S. 140, *reh'g denied*, 474 U.S. 111 (1986); *Cowherd v. Million*, 380 F.3d 909, 912 (6th Cir. 2004).

**ENTERED** this 23rd day of January, 2014.

    /s/ John S. Bryant  
    John S. Bryant  
    United States Magistrate Judge

---

the "Sergeant in charge of the Grievance Board." (Statement of Robert Johnston, DE 24-1, p. 1; Affidavit of April Hubbard, DE 32, p. 1 ¶ 2.) Because inmates are not allowed access to the formal computerized system for entering grievances, TOMIS, this responsibility fell to Fisher as the grievance Committee Chairperson. (Statement of Robert Johnston, DE 24-1, p. 1.)