IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

SAIDRICK PEWITTE )
)
v. ) NO. 3-13-0484
) JUDGE CAMPBELL
ANNETTE HAYCRAFT, et al. )

ORDER

Pending before the Court are a Report and Recommendation of the Magistrate Judge (Docket No. 73) and Defendant Haycraft's Objections thereto (Docket No. 76).

Pursuant to 28 U.S.C. § 636(b)(1), Fed. R. Civ. P. 72(b)(3) and Local Rule 72.03(b)(3), the Court has reviewed *de novo* the Report and Recommendation, the Objections, and the file. The Objections of the Defendant are overruled, and the Report and Recommendation is adopted and approved.

Plaintiff, a prisoner, has alleged that, on May 1, 2013, Defendant Haycraft violated Plaintiff's Eighth Amendment right to be free from the use of excessive force by placing handcuffs on him which were too small and too tight. Plaintiff alleges that he was required to wear the offending handcuffs for approximately 12 hours, as he was being transported from one prison to another.

Defendant Haycraft moved to dismiss or for summary judgment, contending (among other things) that the medical records of Plaintiff, completed by prison medical staff, are sufficient evidence that Plaintiff did not suffer more than a *de minimus* injury to his wrists. Defendant contends that Plaintiff's claim for excessive force, therefore, must be dismissed.

The Magistrate Judge recommended that Defendant's Motion be denied, opining that Plaintiff has created a genuine issue of material fact as to the extent of his injuries. Defendant has

objected to the Report and Recommendation on the basis of this argument concerning the extent of Plaintiff's injuries.

Defendant contends that the medical records show that, at Plaintiff's first stop after being handcuffed, he did not request medical attention. Defendant also maintains that, at Plaintiff's second stop (still on May 1, 2013), he did not complain of any injuries to his wrists and no injuries to his wrist were noted in the medical record. Defendant contends that the medical records do not reflect any observed injuries to Plaintiff's wrists until May 6, 2013. From these medical records, Defendant maintains that Plaintiff's only alleged injury did not appear on his medical records until five days after the incident and that this evidence resolves any disputed issues as to Plaintiff's injury.

The medical record of May 2, 2013, at a third stop, reflects that Plaintiff complained he needed to be seen on sick call because of injuries from his handcuffs, although the notes reflect no evidence of abuse and/or trauma. The May 6, 2013 medical record also reflects that Plaintiff complained about an injury to his wrists from handcuffs. That record notes that Plaintiff had an abrasion on his right wrist - scab in place, no drainage, redness or edema noted. Apparently the wound was cleaned with soap and water and flushed with "NS" before an antibiotic ointment was applied. A May 9, 2013 medical record reflects that Plaintiff had ulcers on his dorsal wrist from handcuffs being too tight. The record states that he "has 1.5cm ulcerations on 'dorsun' of both wrists" and "some purulent discharge on rt. wrist." On May 20, 2013, the medical record states that Plaintiff's wrist ulcers appeared to be mostly healed - scabs only.

Plaintiff asserts he was forced to wear handcuffs that were too small for approximately 12 hours. He testified that in addition to hurting, the handcuffs caused his hands to swell and his fingers to get numb. He stated that blisters started forming around the outside of the cuffs, blisters which

"puffed on out" when the handcuffs came off his arms. Plaintiff testified that, at Bledsoe (his final stop), the blisters "busted open" and "they were just running pus out of them." The Court finds that, in light of Plaintiff's testimony, the medical records do no more than reflect a genuine issue of material fact as to Plaintiff's injuries.[1]

Defendant argues that while Plaintiff's allegations may create an issue of fact which is suitable for a jury to decide, his own medical records resolve any disputed issue. That assumes, however, that the medical records are accurate, complete and credible, which the Court cannot determine on this Motion. It may be "highly unlikely," as Defendant contends, that Plaintiff can overcome the testimony which contradicts the allegations of his complaint, but "highly unlikely" is not the standard on this Motion.

Defendant asserts briefly that the injuries sustained by Plaintiff do not evidence the wantonness or maliciousness necessary to prevail in this sort of claim. The Court agrees with the Magistrate Judge that the factors required for this analysis - the need for the application of force, the amount of force used, the extent of the injury, the threat to safety, and any efforts made to temper the severity of the force - are best determined by a jury, particularly where there are questions of fact as to what exactly happened and what injuries resulted.

---

[1] In the recent case of *Baynes v. Cleland*, Case No. 14-2235 (Aug. 24, 2015), the Sixth Circuit Court of Appeals found that a plaintiff's testimony that he could not feel his fingers because of the tightness of the handcuffs and that he still experienced periodic numbness in his fingers was sufficient evidence to create a genuine issue of material fact as to his injury. The *Baynes* court cited *Morrison v. Bd. of Trustees of Green Township*, 583 F.3d 394, 402-403 (6th Cir. 2009), in which the plaintiff's testimony that she suffered wrist marks and bruising from the handcuffs was sufficient to establish the necessary physical injury. The Court is aware that *Baynes* and *Morrison* involved claims under the Fourth Amendment, not the Eighth Amendment.

For these reasons, the Objections of Defendant Haycraft are overruled, and the Report and Recommendation of the Magistrate Judge is adopted and approved. Accordingly, Defendant's Motion to Dismiss or for Summary Judgment (Docket No. 68) is DENIED.

IT IS SO ORDERED.

_____
TODD J. CAMPBELL
UNITED STATES DISTRICT JUDGE