UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| SAIDRICK PEWITTE, | ) |
| | ) |
| Plaintiff | ) |
| | ) |
| v. | ) Case 3:13-0484 |
| | ) Judge Campbell/Bryant |
| F/N/U HAYCRAFT, *et al.*, | ) |
| | ) |
| Defendants | ) |

**TO:   THE HONORABLE TODD CAMPBELL**

### REPORT AND RECOMMENDATION

Plaintiff Saidrick Pewitte, a prisoner proceeding *pro se*, has filed his motion for an injunction and temporary restraining order (Docket Entry No. 82). In this motion, Plaintiff seeks an injunction prohibiting Defendant Haycraft and nonparties Shane Adcock and Michael Parris from transferring Plaintiff to the Trousdale Turner Correctional Center in Hartsville, Tennessee. As grounds, Plaintiff Pewitte claims that the restraints (shackles and handcuffs) that will be required for this transfer would necessarily subject him to unnecessary pain and suffering as well as irreparable harm (Docket Entry Nos. 83 and 88). Defendant Haycraft has filed a response in opposition (Docket Entry No. 84).

### STATEMENT OF THE CASE

In his complaint, Plaintiff Pewitte alleges that on May 1, 2013, Defendant Haycraft placed handcuffs on Plaintiff's wrists in preparation for a transfer of Plaintiff from the West Tennessee

State Penitentiary ("WTSP") in Henning, Tennessee, to the Morgan County Correctional complex in Wartburg, Tennessee, with a temporary stop at the Charles Bass Correctional Complex in Nashville. Plaintiff alleges that the handcuffs used by Defendant Haycraft were too small and too tight, and that although he complained to Defendant Haycraft she failed to remedy this problem. Plaintiff alleges that as the result of these handcuffs being too tight as well as his underlying diabetic condition, he received bruising and blistering of his wrists by the time he finally arrived at the Morgan County facility hours later in the day (Docket Entry No. 1).

In his instant motion, Plaintiff Pewitte seeks an order prohibiting his transfer from the Northwest Correctional Complex in Tiptonville, Tennessee, to the Trousdale Turner Correctional Center in Hartsville, Tennessee. Significantly, Plaintiff fails to allege that Defendant Haycraft, currently the only Defendant in this case, would have any responsibility for or role in his proposed transfer to the Trousdale Turner facility. Haycraft apparently worked at WTSP in May 2013. In addition, the other two individuals, Shane Adcock and Michael Parris, are not parties to this case.

## ANALYSIS

When considering a party's motion for preliminary injunctive relief, the district court must balance four factors:

2

> (1) whether the plaintiff has shown a strong or substantial likelihood or probability of success on the merits;
>
> (2) whether the plaintiff has shown irreparable injury;
>
> (3) whether the issuance of a preliminary injunction would cause substantial harm to others; and
>
> (4) whether the public interest would be served by issuing a preliminary injunction.

*Newsom v. Norris*, 888 F.2d 371, 373 (6th Cir. 1989).

First, Plaintiff Pewitte has failed to show a strong or substantial likelihood or probability of success because he has made no showing that handcuffs or leg shackles would be placed too tightly during his transfer from the Northwest Correctional facility to the Trousdale Turner facility just because Defendant Haycraft allegedly applied handcuffs too tightly during a transfer that occurred three years ago. Plaintiff makes no claim that it is impossible to employ handcuffs or shackles on him without exposing him to an unreasonable risk of injury. Similarly, Plaintiff has shown no irreparable injuries based upon his concern that a correctional officer might apply handcuffs too tightly during his proposed transfer. In general, courts proceed with the utmost care in enjoining state prison officials in recognition of the unique nature of the prison setting and the need to preserve internal

order, discipline, and institutional security. *Ward v. Dyke*, 58 F.3d 271, 273 (6th Cir. 1995); *Kendrick v. Bland*, 740 F.2d 432, 438 n. 3 (6th Cir. 1984).

For the foregoing reasons, the undersigned Magistrate Judge finds that Plaintiff Pewitte has failed to establish the necessary elements to justify a preliminary injunction prohibiting his transfer to the Trousdale Turner Correctional Center.

Finally, it appears from the record that Plaintiff Pewitte's transfer to the Trousdale Turner Correctional Center has now been accomplished, and, therefore, Plaintiff's motion for preliminary injunction has been rendered moot. According to Plaintiff's filing, the handcuffs used during this transfer were larger, but according to Plaintiff, still left some swelling and soreness. However, Plaintiff reports that sitting on the bus during transfer was worse (Docket Entry No. 89 at 2).

**RECOMMENDATION**

For the reasons stated above, the undersigned Magistrate Judge recommends that Plaintiff's motion for preliminary injunction and temporary restraining order (Docket Entry No. 82) be denied.

Under Rule 72(b) of the Federal Rules of Civil Procedure, any party has **14 days** from receipt of this Report and Recommendation in which to file any written objections to this Recommendation with the District Court. Any party opposing said

objections shall have **14 days** from receipt of any objections filed in this Report in which to file any responses to said objections. Failure to file specific objections within **14 days** of receipt of this Report and Recommendation can constitute a waiver of further appeal of this Recommendation. *Thomas v. Arn*, 474 U.S. 140 106 S. Ct. 466, 88 L.Ed.2d 435 (1985), *Reh'g denied*, 474 U.S. 1111 (1986).

    **ENTER** this 5th day of August, 2016.

/s/  John S. Bryant  
JOHN S. BRYANT  
United States Magistrate Judge
